UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PAUL COBURN,<br>    Plaintiff,<br><br>v.<br><br>LYMAN PRODUCTS CORPORATION,<br>    Defendant. | No. 3:17-cv-118 (VAB) |

**RULING ON DEFENDANT'S MOTION TO DISMISS**

Paul Coburn ("Mr. Coburn" or "Plaintiff"), a seventy-three-year-old man living in Windham, Connecticut, sued Lyman Products Corporation ("Lyman Products" or "Defendant") under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*, for refusing to hire him. Lyman Products moves to dismiss under Rule 12(b)(6), arguing that Mr. Coburn has failed to allege facts sufficient to infer age discrimination.

For the reasons discussed below, Defendant's motion to dismiss is **DENIED**.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

    **A.    Factual Allegations**

In the spring of 2014, Lyman Products had an open position for a customer service representative. Compl. ¶ 11, ECF No. 1. The manager of the customer service department allegedly reached out to David Lyman, the owner of a large shooting range, and asked whether he could recommend anyone for the open position. *Id.* ¶ 14. Mr. Lyman allegedly recommended

1

Mr. Coburn, a seventy-three-year-old man with fifty-five years of experience in the handloading and firearms industry. *Id.* ¶¶ 15, 23.

Lyman Products then invited Mr. Coburn to apply for the position. *Id.* ¶ 11. Mr. Coburn applied, *id.* ¶ 12, and interviewed with the human resources manager and the customer service department manager, *id.* ¶¶ 16-17. They allegedly told Mr. Coburn that he would need a second interview before he could be hired and instructed him to call Lyman Products in two days to arrange for the second interview; Mr. Coburn allegedly called, but no one responded to or ever returned his call. *Id*. ¶¶ 19-21. Mr. Coburn also alleges that Lyman Products never contacted his references. *Id.* ¶ 22.

Lyman Products allegedly acknowledged that Mr. Coburn possesses the skill and technical ability to perform the job, but nevertheless hired Julie Rodriguez, a woman twenty-five years younger than Mr. Coburn, who allegedly did not meet the minimum published requirements for the position. *Id.* ¶¶ 25-26. Mr. Coburn alleges that Ms. Rodriguez left the position after approximately one month "as she was unable to perform the work," and that after that, the position remained open for approximately six months. *Id.* ¶¶ 27-28. Mr. Coburn allegedly applied for the position again, but received no response from Lyman Products. *Id.* ¶ 28.

Approximately six months later, Lyman Products allegedly hired Joan Starrin for the position, someone approximately twenty-five years younger than Mr. Coburn, and who also allegedly did not meet the minimum published requirements for the position. *Id.* ¶¶ 29-30. Several months after that, Lyman Products hired another person for the position, someone approximately twenty-five years younger than Mr. Coburn, who also allegedly did not meet the minimum published requirements for the position. *Id.* ¶¶ 31-32.

Mr. Coburn filed a timely claim with the Equal Employment Opportunity Commission ("EEOC") and received a Notice of Right to Sue. *Id.* ¶¶ 5-6.

### B. Procedural History

On January 26, 2017, Mr. Coburn filed this Complaint, claiming that Lyman Products violated the Age Discrimination in Employment Act, 29 U.S.C. § 623, by refusing to hire Mr. Coburn for the customer service representative position, despite Mr. Coburn's qualifications for the job. *Id.* ¶¶ 33-36. Mr. Coburn alleges that Lyman Products treated him "in a disparate manner based upon his age." *Id.* ¶ 37.

Lyman Products has moved to dismiss the Complaint under Rule 12(b)(6), arguing that Mr. Coburn has failed to allege facts sufficient to support a plausible inference that "but-for his age, he would have been hired." Mot. to Dismiss at 5, ECF No. 14. Lyman Products argues that "[t]he mere fact that those hired were younger than the Plaintiff, in particular where Plaintiff was 73 years old, is not enough to plausibly establish an inference of discriminatory motive," and that Mr. Coburn's Complaint does not contain any other facts that would support such an inference. *Id.* at 6.

## II. STANDARD OF REVIEW

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The court must read the complaint liberally, and will only grant a motion to dismiss if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *see also Phillips v. Girdich*, 408 F.3d 124, 128 (2d Cir. 2005) ("*All* complaints

must be read liberally; dismissal on the pleadings *never* is warranted unless the plaintiff's allegations are doomed to fail under any available legal theory.").

A plaintiff's allegations need not be detailed, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Complaint must contain "factual amplification . . . to render a claim plausible." *Arista Records LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) (quoting *Turkmen v. Ashcroft*, 589 F.3d 542, 546 (2d Cir. 2009)). In evaluating whether a complaint will survive a motion to dismiss, the court will take "all of the factual allegations in the complaint as true," but will not accept legal conclusions pleaded as factual allegations. *Iqbal*, 556 U.S. at 678. The court will view the factual allegations in the light most favorable to the plaintiff. *Cohen v. S.A.C. Trading Corp.*, 711 F.3d 353, 359 (2d Cir. 2013).

## III. DISCUSSION

Lyman Products argues that Mr. Coburn's factual allegations "are simply insufficient to support a plausible inference that, but-for his age, he would have been hired." Mot. to Dismiss at 5. The Court disagrees.

The ADEA prohibits employers from refusing to hire an applicant because of age. 29 U.S.C.A. § 623(a)(1); *see also Hahn v. City of Buffalo*, 770 F.2d 12, 15 (2d Cir. 1985) ("the ADEA . . . stands as a prohibition against unjustified maximum age limits in *hiring*"). Liability for age discrimination "depends on whether the protected trait (under the ADEA, age) actually motivated the employer's decision." *Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133, 141 (2000) (quoting *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 610 (1993)).

In *Swierkiewicz v. Sorema N.A.*, the Supreme Court established that an age-discrimination complaint need not include facts to support every element of the plaintiff's prima facie case, and instead "must contain only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" 534 U.S. 506, 508 (2002) (quoting Fed. R. Civ. P. 8(a)(2)).[1]

The Court decided *Swierkiewicz* before it decided *Twombly* and *Iqbal*. Those cases clarified that "*Conley*'s 'no set of facts' language has been questioned, criticized and explained," *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)), and should be understood as "describ[ing] the breadth of opportunity to prove what an adequate complaint claims, not the minimum standard of adequate pleading to govern a complaint's survival," *id.* at 563; *see also Iqbal*, 556 U.S. at 678 ("Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."). Some courts have suggested that *Swierkiewicz*'s liberal pleading standard is therefore inapplicable. *See Schwab v. Smalls*, 435 F.

---

[1] Under the burden-shifting framework established in *McDonnell Douglas v. Green*, 411 U.S. 792 (1973), the plaintiff bears the initial burden of establishing a prima facie case of discrimination. *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 506 (1993). A prima facie case of failure to hire based on age discrimination requires that the plaintiff show (1) at the time of the adverse employment decision, the plaintiff was a member of a protected class; (2) the plaintiff was otherwise qualified for the position; (3) the plaintiff experienced adverse employment action; and (4) that adverse "action occurred under circumstances giving rise to an inference of discrimination." *Bucalo v. Shelter Island Union Free Sch. Dist.*, 691 F.3d 119, 129 (2d Cir. 2012). Individuals over forty years old are members of a protected class for age-discrimination purposes. 29 U.S.C. § 631(a).

If the plaintiff establishes a prima facie case of age discrimination, the burden shifts to the employer to show that it did not unlawfully discriminate against the applicant. *See Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 254 (1981). At that point, the defendant must produce "an explanation to rebut the prima facie case" that shows that "the adverse employment actions were taken 'for a legitimate, nondiscriminatory reason.'" *Hicks*, 509 U.S. at 506-07 (quoting *Burdine*, 450 U.S. at 254). "However, while the presumption 'shifts the burden of *production* to the defendant, '[t]he ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff.'" *Bucalo*, 691 F.3d at 129 (quoting *Hicks*, 509 U.S. at 507).

App'x 37, 40 (2d Cir. 2011) (declining to address whether *Twombly* and *Iqbal* repudiated *Swierkiewicz*, but noting that the Third Circuit has raised questions "as to *Swierkiewicz*'s continued viability in light of *Twombly* and *Iqbal*" (citing *Fowler v. UPMC Shadyside*, 578 F.3d 203, 212 (3d Cir. 2009) ("We have to conclude, therefore, that because *Conley* has been specifically repudiated by both *Twombly* and *Iqbal*, so too has *Swierkiewicz*, at least insofar as it concerns pleading requirements and relies on *Conley*.")))); *Hedges v. Town of Madison*, 456 F. App'x 22, 23 (2d Cir. 2012) ("The pleading standard for employment discrimination complaints is somewhat of an open question in our circuit.").

Other courts have found no incongruence between the pleading standard set forth in *Twombly* and *Iqbal* and the one in *Swierkiewicz*. In *Littlejohn v. City of New York*, for example, the Second Circuit noted that *Twombly* "characterized *Swierkiewicz* as meaning nothing more than that the plaintiff's pleadings contained sufficient factual allegations to satisfy the 'liberal pleading requirements' of the Federal Rules" and did not establish "a 'heightened pleading standard for Title VII cases' by requiring the plaintiff 'to allege certain additional facts that [he] would need at the trial stage." 795 F.3d 297, 310 (2d Cir. 2015) (quoting *Twombly*, 550 U.S. at 570)); *see also id.* ("As for the argument that the Supreme Court was unlikely to have intended in *Iqbal* to add new wrinkles to the special field of Title VII suits . . . arguably there is no incompatibility, or even tension, between the burden-shifting framework of *McDonnell Douglas* and a requirement that the complaint include reference to sufficient facts to make its claim plausible . . . .").

Indeed, in *Twombly*, the Court explained that, in *Swierkiewicz*, it "reversed on the ground that the Court of Appeals had impermissibly applied what amounted to a heightened pleading requirement by insisting that Swierkiewicz allege 'specific facts' beyond those necessary to state

6

his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570 (quoting *Swierkiewicz*, 534 U.S. at 508). The Court further explained that, to survive a motion to dismiss, the complaint need not contain "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.*

In *Schwab*, the Second Circuit considered a complaint that alleged that (1) the plaintiff was white and the defendants were African-American and Arab-Lebanese; (2) the plaintiff "held her position without incident for many years"; (3) the plaintiff's "employment was terminated after [a defendant] refused to recommend her reappointment; and (4) the circumstances of her termination [were] suggestive of discrimination," particularly because the Complaint provided "the approximate date and substance of the defendants' meeting at which they agreed to their 'plan'" to thwart her professional development. 435 F. App'x at 40. The Court concluded that the complaint "allege[d] facts sufficient to state a claim of employment discrimination against defendants . . . under both the *Swierkiewicz* standard and the more demanding *McDonnell Douglas*-based approach." *Id.*

The same is true in this case. Mr. Coburn has alleged that, as a seventy-three-year-old person, he was a member of a protected class under the ADEA. Compl. ¶ 10. He also alleges that he had fifty-five years of experience, Compl. ¶ 23, that he had the recommendation of Mr. Lyman, who also worked in the industry, Compl. ¶ 15, and that Lyman Products acknowledged that Mr. Coburn had the requisite skills to perform the work, Compl. ¶ 24.

In addition, Mr. Coburn alleges that Lyman Products refused to hire him or pursue his application by not bringing him in for a second interview or calling his references. *Id.* ¶ 21. Finally, Mr. Coburn alleges that Lyman Products rejected his application in favor of applicants approximately twenty-five years younger, despite his better qualifications. *Id.* ¶¶ 25-32. Taken

together, those facts are sufficient to alert Lyman Products to the basis of Mr. Coburn's age-discrimination claim, and even further, also plead sufficient facts to support the elements of a prima facie case of age discrimination.

This Complaint, as did the one in *Schwab*, articulates with sufficient specificity the facts necessary to sustain Mr. Coburn's age-discrimination claim for now. First, he alleges that he is a member of a protected class, being over forty years old. *See* 29 U.S.C. § 631(a) (codifying that individuals over forty are members of a protected class for age discrimination purposes). Second, he alleges the necessary qualifications for the position by stating that he had decades of experience, a recommendation, and the skills necessary for the job. *See Bucalo v. Shelter Island Union Free Sch. Dist.*, 691 F.3d 119, 129 (2d Cir. 2012) (noting that the plaintiff must establish that he was qualified for the position). Third, he alleges having experienced an adverse employment action when Lyman Products declined to hire him. *See Hahn*, 770 F.2d at 15 (stating that ADEA applies to hiring decisions). Fourth, he alleges that the adverse "action occurred under circumstances giving rise to an inference of discrimination," *Bucalo*, 691 F.3d at 129, including Lyman Products hiring younger and less experienced people and Mr. Coburn failing to receive a second interview—after he had allegedly been told that he would.

Mr. Coburn argues that the cumulative effect of all of these alleged facts—from his age to Mr. Lyman's recommendation to the inferior qualifications of the candidates Lyman Products hired instead of him—support an inference of discrimination. Put another way, Mr. Coburn alleges that he was a stronger candidate than any of the people ultimately hired by Lyman Products, in every way except his age. These factual allegations are sufficient to draw an inference that Mr. Coburn is entitled to relief, because the allegations suggest that Lyman Products allegedly hired less-qualified candidates simply because they were younger than Mr.

Coburn. He therefore has alleged "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. As a result, Lyman Products's motion to dismiss Mr. Coburn's Complaint is denied.

## IV.     CONCLUSION

For all of the foregoing reasons, Defendant's Motion to Dismiss is **DENIED**.

SO ORDERED at Bridgeport, Connecticut, this 15th day of December, 2017.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE